UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60994-CIV-ZLOCH

CAROLYN WASOWICZ,

    Plaintiff,

                                          **O R D E R**

vs.

UNITED STATES OF AMERICA,
and MYRA GONZALEZ,

    Defendants.
_____/

    THIS MATTER is before the Court upon Defendant United States of America's Motion To Dismiss For Failure To Effect Service Of Process And Failure To State A Claim (DE 8).  The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    Plaintiff Carolyn Wasowicz initiated the above-styled cause in Florida state court against FBI Agent Matthew Foster (hereinafter "Mr. Foster") alleging that Plaintiff was the front car in a three-car collision initially caused by Mr. Foster.  Specifically, she alleges that Mr. Foster negligently crashed his vehicle into a vehicle driven by Myra Gonzalez.  Plaintiff also alleges that Gonzalez was negligent in failing to keep a safe distance away from Plaintiff's vehicle.

    Pursuant to 28 U.S.C. § 1346(b)(1) a timely Notice Of Removal was filed stating that Mr. Foster is a federal employee and was acting within the scope of his employment during these events. Therefore, the district courts have jurisdiction over this action.

Thereafter, Defendant United States of America (hereinafter "the Government") filed a Motion To Substitute United States Of America As Defendant (DE 3), which the Court granted. <u>See</u> DE 9. The Government has also filed the instant Motion To Dismiss (DE 8), which, along with the Motion To Substitute (DE 3), Plaintiff has failed to respond to.

The instant Motion (DE 8) puts forth two grounds for dismissal: Plaintiff's failure to serve and her failure to state a claim. Neither argument is availing.

The Government spends the lion's share of its Motion arguing that Plaintiff failed to comply with the procedures and time period set by the Federal Rules of Civil Procedure for service. Specifically, the Government states that Plaintiff failed to comply with Federal Rule of Civil Procedure 4(i), which details the necessary process to effect service upon the Government. Moreover, the Government argues that Plaintiff failed to effect service within the time period set by Federal Rule of Civil Procedure 4(m). However, the Government admits both of the following in the instant Motion: Plaintiff filed suit against Mr. Foster in Florida state court, and Plaintiff effected service upon Mr. Foster before this action was removed to this Court. DE 8, p. 4. The Government makes no attempt to argue, or even cite, the statues and rules governing civil practice in Florida state courts. The Government assumes that the Federal Rules of Civil Procedure applied to Plaintiff's state-court action against Mr. Foster. It cites no authority for this proposition, and the Court has found none.

Therefore, the failure-to-serve argument will be rejected as Florida rules of procedure applied to this action during its pendency in Florida state court.

The final paragraph of the instant Motion (DE 8) argues that Plaintiff has failed to state a claim because she sued Mr. Foster but should have sued the Government. After removal, the Government filed its Motion To Substitute (DE 3), and the Court granted the same, substituting the Government as party-Defendant for Mr. Foster. Thus, the final paragraph of the instant Motion is now moot.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendant United States of America's Motion To Dismiss For Failure To Effect Service Of Process And Failure To State A Claim (DE 8) be and the same is hereby **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___2nd___ day of September, 2008.

```
                                    /s/ William J. Zloch
                                    _____
                                    WILLIAM J. ZLOCH
                                    United States District Judge
```

Copies furnished:

All Counsel of Record